UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PHET SAENGPRASEUTH,

Petitioner,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,

Respondents.

Case No.:  26-cv-1356-RSH-MMP

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

[ECF No. 2]

On March 3, 2026, petitioner Phet Saengpraseuth filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") and thereafter filed a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2. Respondents have filed a return. ECF No. 5.

Petitioner, a citizen of Laos, was ordered removed to Laos on March 10, 2009. ECF No. 5 at 2. On July 6, 2009, Petitioner was released from immigration custody under an Order of Supervision because U.S. Immigration and Customs Enforcement ("ICE") was unable to obtain a travel document for his return. *Id.* On January 13, 2026, ICE re-detained Petitioner for purposes of effectuating the order of removal. *Id.* Petitioner is in immigration custody at the Imperial Regional Detention Facility in Calexico, California. ECF No. 1 at

26-cv-1356-RSH-MMP

4.

Petitioner challenges the lawfulness of his continued detention. Petitioner argues: (1) Respondents re-arrested Petitioner in violation of its own regulations, including 8 C.F.R. §§ 241.4(*l*) and 241.13(i); (2) Petitioner's detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future; and (3) ICE should be prohibited from removing Petitioner to a third country without adequate notice and an opportunity to be heard. ECF No. 1 at 7-18.

Respondents state that ICE does not seek to remove Petitioner to a country other than Laos; that ICE has been working diligently to secure Petitioner's removal, and indeed has now secured a travel document for Petitioner's return to Laos; and that ICE intends to execute Petitioner's order of removal prior to April 1, 2026. ECF No. 5 at 2. Respondents have not, however, addressed Petitioner's first claim for relief—that his rearrest was unlawful under applicable federal regulations.

The detention and release of noncitizens who are subject to a final order of removal is addressed by 8 U.S.C. § 1231. Under that statute, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Federal regulations prescribe the manner in which such supervision may be revoked. Petitioner contends that the regulations applicable here require that "[u]pon revocation" of release, "the alien will be notified of the reasons for revocation of his or her release []," and also provide that DHS "will conduct an initial informal interview promptly after his or her return to … custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. §§ 241.4(*l*)(1); 8 C.F.R. § 241.13(i)(3). Petitioner further contends that Respondents failed to comply with either the notification requirement or the informal interview requirement. ECF No. 1 at 9. Neither Respondents' return, nor the declaration

they submit, respond to this argument or otherwise provide facts reflecting that Respondents complied with these regulations. Nor have Respondents argued that such compliance is immaterial to the relief Petitioner seeks.

Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003). Courts have determined that where DHS fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered. *See, e.g.*, *Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *8 (D. Md. Aug. 25, 2025); *M.S.L. v. Bostock*, No. 6:25-cv-1204-AA, 2025 WL 2430267, at *10 (D. Or. Aug. 21, 2025); *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 165-66 (W.D.N.Y. 2025); *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017). This Court, treating Petitioner's first claim as uncontested, reaches the same conclusion here.

## IV.  CONCLUSION

Accordingly, the Petition is **GRANTED** as follows. Respondents are ordered to release petitioner Phet Saengpraseuth from custody ***no later than Tuesday, March 17, 2026***, subject to his preexisting conditions of release on supervision, or such other conditions of release on recognizance that may be appropriate. The Court declines to issue further declaratory or injunctive relief.

In light of the foregoing disposition, Petitioner's application for a temporary restraining order [ECF No. 2] is **DENIED** as moot.

The hearing set for March 26, 2026 is **VACATED**.

**IT IS SO ORDERED**.

Dated: March 16, 2026

_____
Hon. Robert S. Huie
United States District Judge